-

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**

---

**UNITED STATES OF AMERICA**

    **v.**

**KEVIN BRESLIN, and**                      **Case No. 23-cr-00010 (WMC)**
**KBWB OPERATIONS, LLC d/b/a**
**Atrium Health and Senior Living,**

           **Defendants.**

---

## MOTION TO DISMISS COUNTS TWO THROUGH TEN OF THE INDICTMENT

---

Defendant Kevin Breslin, by his attorney Kenneth E. Yeadon, Hinshaw & Culbertson LLP, respectfully moves the Court to dismiss Counts Two to Ten of the Indictment because the counts are based on a duplicitous scheme. In support, defendant Breslin states as follows:

1.      On or about February 1, 2023, a federal grand jury returned a twelve-count indictment against defendants Kevin Breslin and KBWB Operations, LLC d/b/a Atrium Health and Senior Living ("Atrium"). Dkt. 3. The Indictment alleges that the defendants engaged in a health care fraud scheme, in violation of 18 U.S.C. § 1347 (Count One), wire and mail fraud schemes, in violation of 18 U.S.C. §§ 1341 and 1343 (Counts Two through Ten), conspiracy to defraud the United States, in violation of 18 U.S.C. § 371 (Count Eleven), and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (Count Twelve).

2.      Counts Two to Ten of the Indictment allege a wire and mail fraud scheme that was carried out through various means. Counts Two through Ten are based on a scheme to defraud allegedly accomplished through multiple, distinct and separate frauds, including a fraud on CMS

(¶¶28-41), a fraud on Atrium skilled nursing facility residents and family members (¶¶42-46), a fraud on Atrium employees (¶¶47-49), a fraud on Atrium vendors (¶¶50-53), and a fraud on state taxing authorities (¶¶54-55).

3. "Duplicity is the joining of two or more offenses in a single count." *United States v. Starks*, 472 F.3d 466, 470 (7th Cir. 2006) (quotation marks and citation omitted). "The overall vice of duplicity is that the jury cannot in a general verdict render its finding on each offense, making it difficult to determine whether a conviction rests on only one of the offenses or both." *United States v. Buchmeier*, 255 F.3d 415, 425 (7th Cir. 2001) (quotation marks and citation omitted).

4. "[A] duplicitous indictment may expose a defendant to other adverse effects including improper notice of the charges against him, prejudice in shaping of evidentiary rulings, in sentencing, in limiting review on appeal, [and] in exposure to double jeopardy." *Starks*, 472 F.3d at 470-71 (quoting *Buchmeier*, 255 F.3d at 425).

5. Even though a scheme to defraud may be carried out through various means, the fraud on state taxing authorities allegations (¶¶54-55) are not a means by which a scheme to defraud may be carried out. A scheme to defraud is a scheme that is intended to deceive or cheat another or to obtain money or property to another by means of materially false or fraudulent pretenses, representations or promises. *See* Seventh Circuit Pattern Instructions, 18 U.S.C. §§ 1341 & 1343, Definition of "Scheme to Defraud," p. 624 (2023).

6. The Fraud on State Taxing Authorities allegations do not meet the requirements to be part of the scheme to defraud. The allegations do not allege that the failure to pay over the Wisconsin employee state income tax withholding was intended to cheat anyone or that any false or fraudulent pretenses representations or promises were made.

59238\1027201\321858135.v1

7.     Similarly, the allegations regarding evasion to pay Wisconsin unemployment taxes also do not allege an intention to cheat anyone or that false or fraudulent pretenses representations or promises were made.

8.     Not only does the government incorporate multiple, independent frauds within a singular alleged scheme, but those allegations also include allegations of fraud regarding tax evasion and failure to pay employment taxes, allegations which do not actually allege any sort of fraud scheme, but are nonetheless incorporated into the wire fraud and mail fraud counts.

9.     Such pleading is clearly improper, and each of the counts two through ten of the Indictment should be dismissed as duplicitous.

WHEREFORE, Defendant Kevin Breslin requests that this Court should grant his Motion to Dismiss Counts Two through Ten of the indictment and provide any other relief that the Court may deem appropriate.

Respectfully submitted,

HINSHAW AND CULBERTSON LLP

By:     /s Kenneth E. Yeadon
        KENNETH E. YEADON

Dated:  July 24, 2024

59238\1027201\321858135.v1