IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

**UNITED STATES OF AMERICA**

v.

**KEVIN BRESLIN, and**            Case No. 23-cr-00010 (WMC)
**KBWB OPERATIONS, LLC d/b/a**
**Atrium Health and Senior Living,**

**Defendants.**

---

**MOTION TO DISMISS COUNTS ELEVEN AND TWELVE OF THE INDICTMENT, AND, IF NECESSARY, FOR A BILL OF PARTICULARS**

---

Defendant Kevin Breslin, by his attorney Kenneth E. Yeadon, Hinshaw & Culbertson LLP, respectfully moves the Court to dismiss Counts Eleven and Twelve of the indictment because the charges do not allege a conspiracy. Further, if necessary, the Court should order the government to identify any other co-conspirators in a bill of particulars. In support, defendant Breslin states as follows:

1. On or about February 1, 2023, a federal grand jury returned a twelve-count indictment against defendants Kevin Breslin and KBWB Operations, LLC d/b/a Atrium Health and Senior Living ("Atrium"). Dkt. 3. The indictment alleges that the defendants engaged in a health care fraud scheme, in violation of 18 U.S.C. § 1347 (Count One), wire and mail fraud schemes, in violation of 18 U.S.C. §§ 1341 and 1343 (Counts Two to Ten), conspiracy to defraud the United States, in violation of 18 U.S.C. § 371 (Count Eleven), and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (Count Twelve).

2. Counts Eleven and Twelve charge that defendants Breslin and Atrium conspired to defraud the IRS and commit money laundering offenses. The indictment alleges that defendant Breslin was the managing member and Chief Executive Officer of Atrium. Indictment, Count One, ¶1. The indictment alleges that as Atrium's managing member, Breslin was in charge of overall operations and supervised all aspects of the business, including accounting, finance, treasury, payables, payroll, budgeting, and staffing. *Id.* The indictment alleges that Breslin made the final decisions on financial spending, budgeting, and reporting, as well as clinical operations at Atrium's facilities. *Id.*

3. The indictment further alleges that Atrium was a company that constructed, owned, and operated nursing homes – otherwise known as skilled nursing facilities (SNFs) – and assisted living facilities (ALFs) – in New Jersey, Wisconsin, and Michigan. Indictment, Count One, ¶2. The indictment alleged that Atrium was owned by six members, including Breslin, who was a 20% owner. *Id.*

4. Both Counts Eleven and Twelve must be dismissed because it is legally impossible for Breslin, the managing member of Atrium, to conspire with Atrium. A "conspiracy" is an express or implied agreement between two or more persons to commit a crime. *United States v. Corson*, 579 F.3d 804, 810 (7th Cir. 2009) ("Conspiracy is [an] agreement to violate some other law"). A conspiracy requires the government to prove (1) the existence of an agreement to commit an unlawful act; (2) that defendants knowingly and intentionally became members of the conspiracy; and (3) the commission of an overt act that was committed in furtherance of the conspiracy. *United States v. Gee*, 226 F.3d 885, 893 (7th Cir. 2000).

5. The intracorporate conspiracy doctrine holds that a corporation cannot conspire with its officers or employees acting within the scope of their employment, or with its

unincorporated divisions or wholly owned subsidiaries. *Copperweld Corp. v. Indep. Tube Corp.*, 467 U.S. 752, 769–70 (1984). *In Martin v. Sauk Village*, 2012 WL 5413058 at *2 (N.D. Ill. Nov. 5, 2012), the Court dismissed plaintiff's conspiracy claims because plaintiff improperly alleged that multiple employees of the same entity had conspired to deprive plaintiff of his civil rights. *See also Travis v. Gary Cmty. Mental Health Ctr., Inc.*, 921 F.2d 108, 110 (7th Cir. 1990) ( "Blackstone remarked that the corporation and its managers are 'considered as one person in law.'"). As noted by the Fifth Circuit in *Nelson Radio & Supply Co. v. Motorola, Inc.*, the first court to announce the doctrine, "[i]t is basic in the law of conspiracy that you must have two persons or entities to have a conspiracy . . . and it is the general rule that the acts of the agent are the acts of the corporation." 200 F.2d 911, 914 (5th Cir. 1952).

6. Even though it does not appear that a district court in the Seventh Circuit has applied the intracorporate conspiracy doctrine to criminal cases, Courts have routinely applied the doctrine in actions involving civil conspiracies as well as other governmental actions including anti-trustand False Claims Act actions. *Wright v. Ill. Dep't of Children & Family Servs.*, 40 F.3d 1492, 1508 (7th Cir. 1994); *Copperweld Corp. v. Indep. Tube Corp.*, 467 U.S. 752, 769, 104 S. Ct. 2731, 81 L. Ed. 2d 628 (1984). *United States ex rel. Abrams v. Procarent, Inc.,* 499 F. Supp. 3d 605, 617 ("Abrams' voluminous Amended Complaint focuses solely on facts detailing internal fraudulent conduct, barring an FCA conspiracy charge under the intracorporate conspiracy doctrine." *Citing Travis v. Gary Cmty. Mental Health Ctr., Inc.,* 921 F.2d 108, 110 (7th Cir. 1990))

7. Additionally, other courts have recognized in the criminal context that individual agents of the corporation who act within the scope of their professional capacities and in furtherance of corporate objectives are considered a part of this legal entity and thus afforded broad immunity from personal liability for misdeeds. *See United States v. Hartley*, 678 F.2d 961, 970

(11th Cir. 1982) (recognizing that "[u]nder elementary agency principles, . . . the acts of [the corporation's] agents become the acts of the corporation . . ."), *overruled on other grounds by* United States v. Goldin Indus., 219 F.3d 1268, 1271 (11th Cir. 2000) (en banc);

8. In *United States v. Carroll*, the Court held that no conspiracy had been established between the corporation and an individual officer who had so dominated the corporation that there was "no organization and no one other than the sole criminal to deter or punish." *United States v. Carroll*, 144 F. Supp. 939, 942 (S.D.N.Y. 1956). While subsequent courts have held that a corporation can conspire with multiple officers, they have drawn a distinction where a single actor is alleged to have conspired with the corporation:

> When separate individual judgments and decisions are capable of being made by both a corporation and one or more of its employees, there is a vast dissimilarity to the facts of *Carroll* in which one man used the corporate form to commit a criminal act. The Court concludes then that a corporation can be charged with conspiring with its corporate personnel.

*United States v. Cons. Coal Co.*, 424 F. Supp. 577, 581 (S.D. Ohio 1976). The Eight Circuit has drawn a similar distinction when applying an exception to the doctrine in the criminal setting, holding that "a corporation may be responsible when **two or more** high ranking or authoritative agents engage in a criminal conspiracy on its behalf." *United States v. Hugh Chalmers Chevrolet-Toyota, Inc.*, 800 F.2d 737, 738 (8th Cir. 1986) (Emphasis added).

9. The intracorporate conspiracy doctrine applies here because Atrium operated exclusively through its managing member, Breslin. Because Atrium only acted through Breslin, and the alleged acts and agreements of Breslin are the same acts and agreements of Atrium, it is legally impossible for Breslin and Atrium to have entered into a conspiracy. It does not meet the multiplicity of actors requirement of a criminal conspiracy.

10. Furthermore, in the event the government asserts that Counts Eleven and Twelve should not be dismissed because the counts allege a conspiracy that involves others "known and

unknown to the grand jury," the Court should order the government to identify the co-conspirators in a bill of particulars.

11. Rule 7(f) of the Federal Rules of Criminal Procedure authorizes district courts to require a bill of particulars in order to "furnish to the defendant further information respecting the charge stated in the indictment when necessary to the preparation his defense, and to avoid prejudicial surprise at the trial." *United States v. U.S. Gypsum Co.*, 37 F. Supp. 398, 402 (D.D.C. 1941); *see also United States v. Trie*, 21 F. Supp. 2d 7, 21 (D.D.C. 1998) (acknowledging that federal courts should order a bill of particulars when necessary to "prevent unfair surprise at trial"); *United States v. McCray*, No. 85 CR 702, 1986 WL 1024, at *1 (N.D. Ill. Jan. 3, 1986) (recognizing that a bill of particulars should "enable the accused to prepare an adequate defense" and "minimize any unfair surprise").

12. In the event the government asserts that Breslin conspired with an individual "known and unknown," the government should be ordered to identify any such individual. The identity of Breslin's alleged co-conspirators is critical to effectively prepare his defense and to permit him to challenge whether he entered into a conspiracy.

WHEREFORE, Defendant Kevin Breslin requests that this Court grant his Motion to Dismiss Counts Eleven and Twelve of the indictment, and, if necessary, order the government to identify Defendant Breslin's co-conspirators in a bill of particulars, and to provide such other relief that the Court may deem appropriate.

                Respectfully submitted,

                HINSHAW AND CULBERTSON LLP

      By:   */s Kenneth E. Yeadon*
             KENNETH E. YEADON

Dated: July 24, 2024