# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA

v.

KEVIN BRESLIN, and
KBWB OPERATIONS, LLC d/b/a
Atrium Health and Senior Living,

Case No. 23-cr-00010 (WMC)

**Defendants.**

## MOTION TO DISMISS COUNT TWELVE OF THE INDICTMENT

Defendant Kevin Breslin, by his attorney Kenneth E. Yeadon, Hinshaw & Culbertson LLP, respectfully moves the Court to dismiss Count Twelve of the Indictment based on duplicity. In support, defendant Breslin states as follows:

1. On or about February 1, 2023, a federal grand jury returned a twelve-count indictment against defendants Kevin Breslin and KBWB Operations, LLC d/b/a Atrium Health and Senior Living ("Atrium"). Dkt. 3. The Indictment alleges that the defendants engaged in a health care fraud scheme, in violation of 18 U.S.C. § 1347 (Count One), wire and mail fraud schemes, in violation of 18 U.S.C. §§ 1341 and 1343 (Counts Two to Ten), conspiracy to defraud the United States, in violation of 18 U.S.C. § 371 (Count Eleven), and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (Count Twelve).

2. Count Twelve for conspiracy to commit money laundering should be dismissed as duplicitous. Count Twelve alleges that defendants Breslin and Atrium conspired pursuant to 18 U.S.C. § 1956(h) to commit two separate and distinct money laundering offenses allegedly in violation of two separate and distinct criminal statutes: (a) carrying out financial transactions

involving the proceeds of health care fraud, in violation of 18 U.S.C. § 1956(a)(1)(A)(i) (¶27.a.); and (b) engaging in monetary transactions in property greater than $10,000 that is criminally derived from health care fraud, in violation of 18 U.S.C. § 1957 (¶27.b.)

3. "Duplicity is the joining of two or more offenses in a single count." *United States v. Starks*, 472 F.3d 466, 470 (7th Cir. 2006) (quotation marks and citation omitted). "The overall vice of duplicity is that the jury cannot in a general verdict render its finding on each offense, making it difficult to determine whether a conviction rests on only one of the offenses or both." *United States v. Buchmeier*, 255 F.3d 415, 425 (7th Cir. 2001) (quotation marks and citation omitted). In addition to jury confusion, "a duplicitous indictment may expose a defendant to other adverse effects including improper notice of the charges against him, prejudice in shaping of evidentiary rulings, in sentencing, in limiting review on appeal, [and] in exposure to double jeopardy." *Starks*, 472 F.3d at 470-71 (quoting *Buchmeier*, 255 F.3d at 425).

4. Count Twelve should be dismissed because it joins two separate and distinct money laundering offenses in a single count. In paragraph 27.a., the indictment alleges a conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(a)(1)(A)(i). In paragraph 27.b., the indictment alleges a completely separate conspiracy to commit money laundering, in violation of 18 U.S.C. § 1957.

5. As noted above, in order to properly instruct the jury, the Court will have to provide the jury with instructions for two separate offenses – Sections 1956 and 1957 – and yet seek a verdict as to a single Count. Such a commingled finding is ripe for jury confusion, not to mention the other potential adverse effects arising from such duplicitous pleading, including potential prejudice in the shaping of evidentiary rulings, in sentencing, in limiting review on appeal, and in exposure to double jeopardy. *Starks*, 472 F.3d at 470-71.

59238\1027201\321821908.v1

WHEREFORE, Defendant Kevin Breslin requests that the Court grant his Motion to Dismiss Count Twelve of the indictment for duplicity and provide any other relief that the Court may deem appropriate.

          Respectfully submitted,

          HINSHAW AND CULBERTSON LLP

By:   /s *Kenneth E. Yeadon*
      KENNETH E. YEADON

Dated: July 24, 2024