UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA

v.  Case No. 23-cr-10-WMC

KEVIN BRESLIN and
KBWB OPERATIONS, LLC d/b/a
Atrium Health and Senior Living,

              Defendants.
_____/

## GOVERNMENT'S RESPONSE IN OPPOSITION TO THE DEFENDANTS' MOTION TO DISMISS COUNT TWELVE OF THE INDICTMENT

The United States of America, by and through undersigned counsel, respectfully submits this response in opposition to defendants Kevin Breslin's and KBWB Operations, LLC's motion to dismiss Count Twelve of the indictment ("motion") [Doc. 62].[1] As grounds for this opposition, the United States relies on the following points and authorities.

## BACKGROUND

On February 1, 2023, an indictment was filed charging defendant Kevin Breslin and defendant KBWB Operations, LLC (collectively "the defendants") with one count of Health Care Fraud and aiding and abetting, in violation of 18 U.S.C. §§ 1347 and 2; six counts of Wire Fraud, in violation 18 U.S.C. § 1343; three counts of Mail Fraud, in violation of 18 U.S.C. § 1341; one count of Conspiracy to Commit an Offense Against the United States, in violation of 18 U.S.C. § 371; and one count of Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. § 1956(h) [Doc 3].

---

[1] On July 24, 2024, defendant Breslin filed this motion. On July 29, 2024, defendant KBWB Operations, LLC, joined this motion.

1

Count One of the indictment charges the defendants with engaging in a health care fraud scheme and aiding and abetting. It alleges that from on or about January 1, 2015, to in or about September 2018, the defendants participated in a scheme to defraud to obtain money under the custody and care of health benefits programs, by various means including false and fraudulent pretenses, representations, and promises, and material omissions and concealments. Indictment, Count One, ¶¶ 1-41 at pp. 1-22. The defendants' scheme to defraud included using false and fraudulent pretenses, representations, and promises, and material omissions and concealments to (1) obtain money from Medicare and Medicaid and misappropriating those funds for other purposes; (2) conceal their failure to comply with federal statutes and regulations; (3) conceal their failure to meet the statutorily required quality of care standards at the Wisconsin Atrium Health and Senior Living nursing facilities; (4) fail to disclose to the Centers for Medicare and Medicaid Services the defendants' failure to pay their Wisconsin employees' state income tax withholdings and unemployment taxes to the Internal Revenue Service ("IRS") and Wisconsin; and (5) conceal by various means the scheme. *Id*. The Atrium Health and Senior Living Midwest Division covering Wisconsin and its nursing facilities developed cash flow issues, in large part due to the misappropriation of Medicare and Medicaid funds. *Id*.

Count One further alleges the purposes of the fraud scheme included making guaranteed payments and distributions to the owners of Atrium Health and Senior Living; making guaranteed monthly payments to investors; covering construction costs for three new nursing facilities in New Jersey; and paying personal expenditures and bills. *Id*. ¶¶ 28-30 at pp. 13-14.

Count Twelve of the indictment charges a single conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h), that occurred from on or about January 1, 2015 to in or about August 2018, and alleges two objects of the conspiracy. The first object, promotional money

laundering, alleges that the defendants conducted and attempted to conduct financial transactions affecting interstate and foreign commerce which involved proceeds of a specified unlawful activity, health care fraud, to promote the carrying on of the specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(A)(i). *Id*. Count Twelve, ¶ 27(a) at p. 32. The second object, financial transaction money laundering, alleges that the defendants engaged and attempted to engage in monetary transactions by, through, or to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000 derived from the specified unlawful activity, health care fraud, in violation of 18 U.S.C. § 1957. *Id*. ¶ 27(b) at p. 32.

The defendants argue that Count Twelve of the indictment is duplicitous. Defendants claim that Count Twelve charges "two separate and distinct" money laundering conspiracies in a single count. Defendants further argue that the Court will have to instruct the jury for two separate offenses which may lead to jury confusion. These arguments are contrary to the text of the indictment and the law. Thus, their motion should be denied.

## ARGUMENT

### I. COUNT TWELVE OF THE INDICTMENT IS NOT DUPLICITOUS.

Although not stated in the defendants' motion, it appears they are moving for a partial dismissal of the indictment pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(i). The Court, when reviewing a motion to dismiss the sufficiency of an indictment, focuses on the allegations of the indictment, must view all allegations as true, and in the light most favorable to the government. *United States v. Moore*, 563 F.3d 583, 586 (7th Cir. 2009). When reviewing the contents of the indictment the Court does so on a practical basis, not in a hypertechnical manner.

*United States v. McLeczynsky*, 296 F.3d 634, 636 (7th Cir. 2002); *United States v. Smith*, 230 F.3d 300, 305 (7th Cir. 2000).

A count in an indictment is duplicitous if it charges two or more distinct offenses in one count. *United States v. Lee*, 77 F.4th 565, 571 (7th Cir. 2023); *United States v. O'Brien*, 953 F.3d 449, 454 (7th Cir. 2020); *United States v. Miller*, 883 F.3d 998, 1003 (7th Cir. 2018); *United States v. Magana*, 118 F.3d 1173, 1189 (7th Cir. 1997); *see also* Fed. R. Crim. P. 8(a). Importantly, however, a single conspiracy may allege multiple objects without being duplicitous. *United States v. Braverman*, 317 U.S. 49, 53 (1942); *United States v. Bucey*, 876 F.2d 1297, 1312 (7th Cir. 1989) (citing cases); *United States v. Bruun*, 809 F.2d 397, 405-06 (7th Cir. 1987) (same). "The allegation in a single count of a conspiracy to commit several crimes is not duplicitous, for '[t]he conspiracy is the crime, and that is one, however diverse its objects.'" *Braverman*, 317 U.S. at 54 (quoting *Frohwerk v. United States*, 249 U.S. 204, 210 (1919)).

Consistent with this law, Count Twelve uncontroversially charges one money laundering conspiracy with two objects: promotional money laundering under 18 U.S.C. § 1956(a)(1)(A)(i) and transactional money laundering under § 1957. The money laundering conspiracy statute provides that, "[a]ny person who conspires to commit any offense defined in this section [1956] or section 1957 shall be subject to the same penalties as those prescribed for the offense the commission of which was the object of the conspiracy." 18 U.S.C. § 1956(h). Section 1956(h) thus expressly states that the various offenses in § 1956 and § 1957 are proper objects to be charged in a money laundering conspiracy.

The defendants' argument that Count Twelve is duplicitous because it charges two separate and distinct money laundering conspiracies is refuted by the text of the indictment and controlling law. Count Twelve properly charges the defendants with one offense, conspiracy to commit

4

money laundering under 18 U.S.C. § 1956(h). As previously discussed, Count Twelve alleges that the single conspiracy had multiple objects under two different money laundering statutes, as set forth in § 1956(h). "Whether the object of a single agreement is to commit one or many crimes, it is in either case that agreement which constitutes the conspiracy which the statute punishes. The one agreement cannot be taken together to be several agreements and hence several conspiracies because it envisages the violation of several statutes rather than one." *Braverman*, 317 U.S. at 53. Section 1956(h) sets forth the single crime of conspiracy and therefore there is only a violation of a single statute. *Id*. at 54. In addition, liability under § 1956(h) can be established by proving an agreement to commit one of the object crimes, notwithstanding that multiple objects are alleged. *United States v. Hughes*, 310 F.3d 557, 561 (7th Cir. 2002).

Moreover, not only has the Seventh Circuit rejected the argument that a conspiracy count charging the commission of two offenses is duplicitous, it also has stated that such an argument should be abandoned. In *United States v. Thomas*, 774 F.2d 807 (7th Cir. 1985), defendant Troutman was convicted of multiple offenses including one count of conspiracy to embezzle, in violation of 18 U.S.C. § 371. *Id*. at 809. On appeal, defendant Troutman argued the conspiracy count was duplicitous because it charged him with committing two offenses, embezzlement and knowingly making false statements. *Id*. at 812-13 & n.2. The Seventh Circuit rejected defendant Troutman's argument and reaffirmed the principle set forth by the Supreme Court in *Braverman* that a single count of conspiracy to commit several crimes is not duplicitous. *Id*. The Seventh Circuit reaffirmed that, "'since a defendant cannot be sentenced twice for the same offense, charging defendant in two counts for what were different objectives of the same conspiracy would have been improper.' In sum, for the future this argument should be abandoned." *Id*. at 813

(quoting *United States v. Muelbl*, 739 F.2d 1175, 1182 (7th Cir. 1984)); *see also Hughes*, 310 F.3d at 560-61 (single account charging one conspiracy with two objects not duplicitous).

The Seventh Circuit's admonition not to advance a duplicity argument based on a single conspiracy count charging multiple illegal objects is well grounded. As the Supreme Court stated over 60 years ago, "[a] conspiracy is not the commission of the crime which it contemplates, and neither violates nor 'arises under' the statute whose violation is its object. . . The single agreement is the prohibited conspiracy, and however diverse its objects it violates but a single statute[.]" *Braverman,* 317 U.S. at 54 (citations omitted); *accord Hughes*, 310 F.3d at 560-61; *Bruun*, 809 F.2d at 405-06. Therefore, contrary to the defendants' argument, only one offense is charged in Count Twelve.

Finally, assuming arguendo without conceding, should the court find Count Twelve duplicitous, the remedy is not dismissal of the indictment because there is no resulting prejudice. *See United States v. Buchmeier*, 255 F.3d 415, 425-26 (7th Cir. 2001). The dangers of duplicity include (1) the defendant may be convicted by less than a unanimous jury on each count of conviction; (2) the defendant may not be adequately notified of the charges against him; (3) the defendant may be subject to double jeopardy, and (4) the defendant may be prejudiced by evidentiary rulings at trial. *United States v. Zeidman*, 540 F.2d 314, 316-17 (7th Cir. 1976); *accord United States v. Berardi*, 675 F.2d 894, 899 (7th Cir. 1982); *United States v. Davis*, 471 F.3d 783, 790 (7th Cir. 2006). None of these dangers are present here.

The jury can be instructed they must be unanimous as to at least one object of the conspiracy. *United States v. Starks*, 472 F.3d 466, 471 (7th Cir. 2006) (any duplicity concerns were cured by properly instructing the jury on the need for a unanimous verdict); *Hughes*, 310 F.3d at 561 (jury instruction that required unanimity for the object of the conspiracy negated any

possibility of a non-unanimous verdict); *United States v. Cherif*, 943 F.2d 692, 701 (7th Cir. 1991) (the possibility that the defendant was convicted by a less than unanimous jury could have been eliminated by a jury instruction requiring jury unanimity on which act the defendant was guilty of committing); *Bucey*, 876 F.2d at 1312 n.27 (Court properly instructed the jury that it had to find that the defendant conspired to commit at least one of the six alleged objectives); *Berardi*, 675 F.2d at 899 (jury instruction eliminated any possibility of nonunanimous verdict and thus no prejudicial duplicity). Additionally, Count Twelve sets forth a conspiracy to commit money laundering, the alleged time period of the conspiracy, specific details regarding the manner and means of the conspiracy, and provides a description of the two objects of the conspiracy. The detailed description of the alleged money laundering conspiracy and each object protects the defendants from double jeopardy and fairly apprises the defendants of the charge against them. Thus, the defendants undeveloped assertions of prejudice, Motion at ¶ 5, should be summarily rejected.

WHEREFORE, based on the foregoing, the government respectfully requests that the defendants' motion to dismiss Count Twelve of the indictment be denied.

Respectfully submitted,

TIMOTHY M. O'SHEA
UNITED STATES ATTORNEY

AMANDA N. LISKAMM
DIRECTOR
CONSUMER PROTECTION BRANCH
U.S. DEPARTMENT OF JUSTICE

/s/ *Karla-Dee Clark*
Karla-Dee Clark
Steven R. Scott
Rowan Reid
Trial Attorneys
U.S. Department of Justice

Consumer Protection Branch
450 Fifth Street, NW, Suite 6400S
Washington, D.C. 20001
Clark (202) 532-4098; Scott (202) 286-5293; Reid (202) 532-4315
Karla-Dee.Clark@usdoj.gov;
Steven.R.Scott@usdoj.gov;
Rowan.L.Reid@usdoj.gov