**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN**

---

UNITED STATES OF AMERICA

v.

**KEVIN BRESLIN, and
KBWB OPERATIONS, LLC d/b/a
Atrium Health and Senior Living,**

Case No. 23-cr-00010 (WMC)

**Defendants.**

---

### DEFENDANT KEVIN BRESLIN'S REPLY IN SUPPORT OF HIS MOTION TO DISMISS COUNT TWELVE OF THE INDICTMENT

---

Defendant Kevin Breslin, by his attorney Kenneth E. Yeadon, Hinshaw & Culbertson LLP, respectfully submits this reply in support of his motion to dismiss Count Twelve of the Indictment pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(i) for duplicity. Dkt. 62. Count Twelve is duplicitous and should be dismissed because it improperly joins two separate and distinct money laundering offenses in a single count: (1) a conspiracy pursuant to 18 U.S.C. § 1956(h) to commit money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i); and (2) a conspiracy pursuant to 18 U.S.C. § 1956(h) to commit money laundering in violation of 18 U.S.C. § 1957.

**A. Count Twelve is Duplicitous**

In its response, the government claims that Count Twelve charges one offense—a single money laundering conspiracy under Section 1956(h)—that has two objects: promotional money laundering under Section 1956(a)(1)(A)(i); and transactional money laundering under Section 1957. Dkt. 69, p. 4. According to the government, the alleged conspiracy is a single crime

in violation of a single statute, even though the goals of the conspiracy are violations of two different money laundering statutes. *Id.*, p. 5.

None of the authority in the government's response addresses the conspiracy statute charged in this case under 18 U.S.C. § 1956(h). Instead, the cases cited by the government address the general conspiracy statute under 18 U.S.C. § 371. The Supreme Court's decision in *Braverman v. United States*, 317 U.S. 49 (1942) and the Seventh Circuit's decisions in *United States v. Bucey*, 876 F.2d 1297 (7th Cir. 1989), *United States v. Bruun*, 809 F.2d 397 (7th Cir. 1987), *United States v. Hughes*, 310 F.3d 557 (7th Cir. 2002), and *United States v. Thomas*, 774 F.2d 807 (7th Cir. 1985) addressed charges for violating the general federal conspiracy statute, now codified at 18 U.S.C. § 371. *Braverman*, 317 U.S. at 50, 53-54 (addressing § 371's predecessor); *Bucey*, 876 F.2d at 1311-12; *Bruun*, 809 F.2d at 403, 405-06; *Hughes*, 310 F.3d at 560-61; *Thomas*, 774 F.2d at 809, 812-13.

Under Section 371, the maximum sentence for entering a conspiracy is the same regardless of the types or number of objects of the conspiracy at issue. 18 U.S.C. § 371 (maximum five-year sentence). This is a critical point. The Supreme Court in *Braverman* reasoned that a single count of conspiracy to commit several crimes was not duplicitous because the prohibited conspiracy, "however diverse its objects," violated a *single statute*, for which "only the *single penalty* prescribed by the statute can be imposed." 317 U.S. at 54 (emphases added).

In contrast, Count Twelve does not allege that defendants violated a single statute for which only one penalty can be imposed. Count Twelve seeks to convict defendants for violating (1) a combination of Sections 1956(h) and 1956(a)(1)(A)(i), and (2) a combination of Sections 1956(h) and 1957. *See United States v. Birt*, 966 F.3d 257, 261-62 (3d Cir. 2020) (characterizing a defendant's statute of conviction as a combination of the subsection that listed the prohibited acts

and the subsection that listed the penalties for the different acts). Indeed, simply identifying section 1956(h), which merely criminalizes a conspiracy "to commit any offense defined in this section or section 1957," as the statute of conviction gives no information as to what criminal offense the defendant allegedly conspired to commit and, as such, why any proven agreement or conspiracy is illegal.

Charging the precise statutory combinations for conviction is crucial. Unlike Section 371, Section 1956(h) expressly ties the resulting penalty to "the offense the commission of which was the object of the conspiracy." 18 U.S.C. § 1956(h). The offense charged in Count Twelve, a conspiracy with the goal of promotional money laundering, carries a much longer maximum sentence (twenty years) than a conspiracy with the goal of transactional money laundering (ten years). *Compare id.* § 1956(a), *with id.* § 1957(b)(1). These vastly different maximum sentences show that two distinct criminal offenses are alleged in Count Twelve. *See Birt*, 966 F.3d at 262 ("[I]f it is necessary to prove different facts for there to be different penalties, then there are different crimes, not merely the same crime with different penalties."); *cf. Najera-Rodriguez v. Barr*, 926 F.3d 343, 351 (7th Cir. 2019) (an Illinois statute's recitation of different penalties in separate paragraphs of a statutory subsection clearly signaled "different crimes with different elements").

Because the object of the conspiracy alleged in Count Twelve must be proven to determine the resulting penalty, the jury cannot decide simply whether defendants engaged in a conspiracy in violation of § 1956(h). It must decide whether defendants engaged in a conspiracy with the object of promotional money laundering *or* if they engaged in a conspiracy with the object of transactional money laundering. This further evidences the duplicitous nature of Count Twelve. *See United States v. Starks*, 472 F.3d 466, 470 (7th Cir. 2006) ("The overall vice of duplicity is

3

that the jury cannot in a general verdict render its finding on each offense, making it difficult to determine whether a conviction rests on only one of the offenses or both." (quotation marks omitted)).

### B. Jury Instructions Cannot Save A Duplicitous Count

The Government argues that even if Count Twelve is duplicitous, it should not be dismissed because defendants will not be prejudiced and none of the dangers posed by a duplicitous count are present here. Dkt. 69, pp. 6-7. In particular, the Government contends that the jury can be instructed that it "must be unanimous as to at least one object of the conspiracy." *Id.*, p. 6.

But the fact that a particular duplicitous count does not implicate every potential danger of duplicity does not make it a properly charged count. *See United States v. Zeidman*, 540 F.2d 314, 316 (7th Cir. 1976) ("[A]n indictment is faulty when more than one offense is charged in a single count[.]"). If a charge against a defendant is improperly duplicitous, the defendant is prejudiced by simply having to defend himself against the faulty charge at trial.

Nor does the fact that a count's duplicity may be addressed by jury instructions mean the count should go to trial in the first place. Although "the Seventh Circuit has held that jury instructions [can] alleviate the risks posed by a duplicitous indictment," it has done so in cases, like the ones cited by the Government, where a defendant has already been convicted after a jury trial. *United States v. Pacilio*, 2020 U.S. Dist. LEXIS 261673, at *10 (N.D. Ill. Oct. 16, 2020). This case is not in that procedural posture. Where, as here, a defendant has timely moved to dismiss a duplicitous count before trial, the proper remedy is dismissal. *Id.*; *United States v. Schock*, 2017 U.S. Dist. LEXIS 174830, at *55-58 (C.D. Ill. Oct. 23, 2017) (rejecting the Government's contention that dismissal is not the appropriate remedy for a duplicitous count); *United States v. Bessigano*, 2008 U.S. Dist. LEXIS 90148, at *8 (N.D. Ind. Nov. 4, 2008) ("[B]ecause defendant

4

properly raised this issue before trial, the proper remedy is dismissal of the duplicitous count, rather than trying to clarify the indictment via jury instructions.").

**C.     Conclusion**

For all the reasons set forth above and those in his original motion, Defendant Kevin Breslin requests that the Court grant his Motion to Dismiss Count Twelve of the Indictment for duplicity and provide any other relief that the Court may deem appropriate.

                                                Respectfully submitted,

                                                HINSHAW AND CULBERTSON LLP

                      By:     /s *Kenneth E. Yeadon*
                               Kenneth E. Yeadon

Dated: August 19, 2024