IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA

v.

KEVIN BRESLIN, and
KBWB OPERATIONS, LLC d/b/a
Atrium Health and Senior Living,

Case No. 23-cr-00010 (WMC)

Defendants.

**DEFENDANT KEVIN BRESLIN'S REPLY IN SUPPORT OF HIS MOTION TO DISMISS COUNTS ELEVEN AND TWELVE OF THE INDICTMENT, AND, IF NECESSARY, FOR A BILL OF PARTICULARS**

Defendant Kevin Breslin, by his attorney Kenneth E. Yeadon, Hinshaw & Culbertson LLP, respectfully submits this reply in support of his motion to dismiss Counts Eleven and Twelve of the Indictment pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B) because the charges do not allege a conspiracy. Both Counts Eleven and Twelve of the Indictment must be dismissed because it is legally impossible for Breslin, Atrium's managing member and CEO, to conspire with KBWB Operations, LLC d/b/a Atrium Health and Senior Living ("Atrium") under the intracorporate conspiracy doctrine. Dkt. 3, Indictment, pp. 29-31. If necessary, the Court should order the government pursuant to Federal Rule of Criminal Procedure 7(f) to identify any other co-conspirators in a bill of particulars. Dkt. 61.

A.  **The Intracorporate Conspiracy Doctrine Applies Here.**

The government does not dispute that Counts Eleven and Twelve seek to convict defendants based on a conspiracy between Breslin and Atrium. Nor does the government dispute

that there can be no conspiracy between Breslin and Atrium if the intracorporate conspiracy doctrine applies.

The government contends that "[o]utside the antitrust context, it is far from settled whether the intracorporate conspiracy doctrine even applies to other *civil* conspiracies." *Id.*, p. 6 (emphasis in original). In fact, even if the circuits may not agree on the matter, the majority of them have applied the intracorporate conspiracy doctrine to civil conspiracies outside the antitrust context (specifically, civil rights conspiracies). *Bowie v. Maddox*, 642 F.3d 1122, 1130-31 (D.C. Cir. 2011). More importantly, the Seventh Circuit has done so. *See id.* at 1130; *e.g.*, *Wright v. Ill. Dep't of Child. & Fam. Servs.*, 40 F.3d 1492, 1507-09 (7th Cir. 1994) (42 U.S.C. § 1985(2) claim); *Hartman v. Bd. of Trs. of Cmty. Coll. Dist. No. 508*, 4 F.3d 465, 469-71 (7th Cir. 1993) (42 U.S.C. § 1985(3) claim); *see also United States ex rel. Abrams v. Procarent, Inc.*, 499 F. Supp. 3d 605, 616-17 (S.D. Ind. 2020) (applying doctrine to civil conspiracy under the False Claims Act). The willingness of the Seventh Circuit and other courts to apply the intracorporate conspiracy doctrine to certain civil conspiracies outside the antitrust context does not undermine its application to this case. Instead, it shows that the doctrine is not limited to the antitrust context from which it arose.

The government concedes that the Seventh Circuit has not yet addressed whether the intracorporate conspiracy doctrine applies in the criminal context. Dkt. 71, p. 6. Nonetheless, it argues that a 2023 decision from this district, *United States v. Didion Milling, Inc.*, and decisions from other appellate courts show that the Seventh Circuit would be unlikely to find that the doctrine applies in a criminal case. *Id.*, pp. 5-12.

This is not the case. As the Seventh Circuit has recognized, the accepted wisdom since *Blackstone's* time has been that "the corporation and its managers are considered as one person in law." *Travis v. Gary Cmty. Mental Health Ctr., Inc.*, 921 F.2d 108, 110 (7th Cir. 1990) (quotation

59238\1027201\322115511.v2

marks omitted); *see also Nelson Radio & Supply Co. v. Motorola, Inc.*, 200 F.2d 911, 914 (5th Cir. 1952) ("A corporation cannot conspire with itself any more than a private individual can, and it is the general rule that the acts of the agent are the acts of the corporation."). And the government does not point to anything in the "text and structure nor the background" of the criminal conspiracy statutes at issue here implying that this accepted understanding should be discarded in the criminal context. *See Travis*, 921 F.2d at 110. If Congress did not want the well-settled rule deeming the acts of a corporate manager as those of the corporation to apply in the criminal conspiracy context, it would have specified as much.

The contention in *Didion Milling* that "the Seventh Circuit has repeatedly affirmed conspiracy convictions of corporations and their officers, employees, and agents" also does not provide a basis to reject the intracorporate conspiracy doctrine in this case. 2023 U.S. Dist. LEXIS 83312, at *12 (W.D. Wis. May 11, 2023). There is no indication that the defendants raised the doctrine in any of the cases cited by the court in *Didion Milling*. *See United States v. Martel*, 792 F.2d 630 (7th Cir. 1986); *United States v. McCulley*, 178 F.3d 872 (7th Cir. 1999);[1] *United States v. Johnson*, 927 F.2d 999 (7th Cir. 1991); *United States v. Weisman*, 736 F.2d 421 (7th Cir. 1984). So, the Seventh Circuit's affirmance of conspiracy convictions in any of these cases says nothing about whether the intracorporate conspiracy doctrine can apply. *See Wells v. Caudill*, 967 F.3d 598, 602 (7th Cir. 2020) (that a court "resolved the appeal as the parties had presented it . . . does not turn the parties' assumption into a holding"); *Pinno v. Wachtendorf*, 845 F.3d 328, 331 (7th Cir. 2017) ("[J]udicial opinions must be interpreted in context."). Moreover, the *Didion Milling* court read too much into the Seventh Circuit's decision in *Dombrowski v. Dowling*, 459 F.2d 190, 196 (7th Cir. 1972), when it interpreted *Dombrowski*'s statement about how Ku Klux Klan agents

---

[1] The court in *McCulley* also did not affirm a conspiracy conviction; the jury convicted one individual on one count of making false statements to the FAA. 178 F.3d at 873.

"could not carry out acts of violence with impunity simply because they were acting under orders from the Grand Dragon" into an explanation that the intracorporate conspiracy doctrine's underlying principle "was not universally applicable to criminal conspiracies." *Didion Milling*, 2023 U.S. Dist. LEXIS 83312, at *12-13.

Although another judge in this district and other circuits have held that the intracorporate conspiracy doctrine does not apply in a criminal case where, as here, a corporation is alleged to have conspired with one of its officers, *e.g.*, *id.*, at *10-13; *United States v. Hughes Aircraft Co.*, 20 F.3d 974, 976-77, 979 (9th Cir. 1994); *United States v. Ames Sintering Co.*, 927 F.2d 232, 236-37 (6th Cir. 1990), the "ocean of precedent" to which the government refers is not as vast as it may seem at first blush. First, the Third and Eleventh Circuits apply the intracorporate conspiracy doctrine more narrowly than the Seventh Circuit in the civil context, making it less likely that the Seventh Circuit would look to those circuits for guidance in the criminal context. The Eleventh Circuit does not apply the intracorporate conspiracy doctrine to Section 1985(2) claims, *McAndrew v. Lockheed Martin Corp.*, 206 F.3d 1031, 1040-41 (11th Cir. 2000), unlike the Seventh Circuit. *Wright*, 40 F.3d at 1507-09. And the Third Circuit does not recognize the intracorporate conspiracy doctrine at all, *United States v. Basroon*, 38 F. App'x 772, 781 (3d Cir. 2002), which is also at odds with Seventh Circuit precedent.

Second, several cases cited by the government – for example, *United States v. St. John*, 625 F. App'x 661, 664-65 (5th Cir. 2015), *United States v. Hugh Chalmers Chevrolet-Toyota, Inc.*, 800 F.2d 737, 738 (8th Cir. 1986), *United States v. Peters*, 732 F.2d 1004, 1007-08 (1st Cir. 1984), and *United States v. Lov-It Creamery, Inc.*, 704 F. Supp. 1532, 1543-44 (E.D. Wis. 1989) – rejected the intracorporate conspiracy doctrine when addressing the actions of two or more corporate

4

agents. That is not the situation here. The government is trying to convict one corporate officer (Breslin) of conspiring with the corporation itself based on his acts alone.

In fact, the First Circuit in *Peters* noted that the corporate officer could not be convicted of conspiracy in these circumstances. 732 F.2d at 1008 n.6 ("A corporate officer, acting *alone* on behalf of the corporation, could not be convicted of conspiring with the corporation." (citing *United States v. Carroll*, 144 F. Supp. 939, 942 (S.D.N.Y. 1956))). The First Circuit reiterated this point the following year in *United States v. Notarantonio*, 758 F.2d 777, 789 (1st Cir. 1985), when it observed that a company and its president "could not by themselves constitute a conspiracy." The Tenth Circuit has similarly suggested that a criminal conspiracy conviction against a corporation cannot stand based solely on an employee's participation. *United States v. Suntar Roofing, Inc.*, 897 F.2d 469, 476 (10th Cir. 1990). The government attempts to discount these statements as dicta (Dkt. 71, p. 10 & n.6), but none of the statements in any of the district court or out-of-court cases are binding, whether characterized as holdings or dicta. Furthermore, these statements (dicta or not) show that the law is not as clear as the government would have it seem.

The *Carroll* case, cited in Breslin's opening motion, supports applying the intracorporate conspiracy doctrine here. That case addressed a nearly identical situation: the government sought to prove a conspiracy claim based on a conspiracy between a corporation and an individual who dominated the corporation (as the government alleges Breslin did with Atrium). 144 F. Supp. at 940-41. The court dismissed the conspiracy count, finding that the government could not "breath[e] life and purpose, and thereby creat[e] the requisite independent personality, into an institution manipulated solely by the individual from whom independence is required for criminality." *Id.* at 942. The government contends that *Carroll* is factually distinguishable, but it fails to explain these purported distinctions or how they make *Carroll* inapplicable. Dkt. 71, p. 12.

"[T]he traditional understanding of the term conspiracy repels" the notion "that any individual corporate officer, who committed an illegal act within the framework of his corporate duties, also conspired with the corporation to commit that act." *Carroll*, 144 F. Supp. at 942. Applying the intercorporate conspiracy doctrine in the criminal context here comports with this traditional understanding, and this Court should do so.

B. **The Government Should Alternatively Be Ordered to Provide a Bill of Particulars.**

The government resists being made to identify the alleged "known and unknown" co-conspirators in a bill of particulars. Dkt. 71, pp. 12-14. The government first suggests that Breslin's request for a bill of particulars is improper because he did not request leave or provide good cause to do so. *Id.*, pp. 12-13. But Breslin made his request in the context of an anticipated argument from the government in response to his motion to dismiss Counts Eleven and Twelve. Dkt. 61 ¶¶ 10-12. Breslin filed this motion, and his accompanying request for a bill of particulars, by the July 24, 2024 due date for pretrial motions. *See* Dkt. 52, p. 2. Nothing is improper or untimely about Breslin's request.

The government also contends that Breslin is not entitled to know the identity of his alleged co-conspirators and, in any event, the information can be gleaned from the extensive discovery the government has produced. Dkt. 71, pp. 13-14. But granting a bill of particulars is a matter within the Court's discretion, and "the names of unindicted co-conspirators are a proper subject of a bill of particulars." *United States v. Budic*, 2021 U.S. Dist. LEXIS 239296, at *12 (E.D. Wis. Oct. 6, 2021); *United States v. Meek*, 2020 U.S. Dist. LEXIS 80594, at *14 (S.D. Ind. May 7, 2020) (quotation marks and alteration omitted). Also, "[t]he fact that the government has provided 'extensive discovery' does not, by itself, negate the need for a bill of particulars. To the contrary, the extensiveness of discovery may support the need for a bill of particulars." *Budic*, 2021 U.S.

6

Dist. LEXIS 239296, at *10-11; *see also United States v. Bonventre*, 2013 U.S. Dist. LEXIS 74829, at *25 (S.D.N.Y. May 28, 2013) ("It is no solution to rely solely on the quantity of information disclosed by the government; sometimes, the large volume of material disclosed is precisely what necessitates a bill of particulars." (quotation marks omitted)).

Here, the Court should exercise its discretion to require the government to identify Breslin's alleged co-conspirators if it does not dismiss Counts Eleven and Twelve. The alleged conspiracies in Count Twelve lasted more than three-and-a-half years. Indictment, p. 32. Breslin cannot be expected to identify every person with whom he interacted over that lengthy timespan to determine whether he or she could be one of the alleged co-conspirators. Moreover, the government has produced more than 8 million records, with hundreds of thousands of pages being produced only in the past six months when they should have been produced much earlier. *See Meek*, 2020 U.S. Dist. LEXIS 80594, at *17 (discovery exceeding 6.4 million pages of documents favored a bill of particulars naming co-conspirators). Finally, the government does not argue that it cannot provide the names of Breslin's alleged co-conspirators because, for instance, it would be too burdensome or prejudicial to its case. *See Budic*, 2021 U.S. Dist. LEXIS 239296, at *12-13 (government's failure to argue that providing information in a bill of particulars would cause harm or be burdensome weighed in favor of requiring a bill of particulars). In these circumstances, the government should identify Breslin's alleged co-conspirators.

### C. Conclusion

For the reasons set forth above and in his original motion, Defendant Kevin Breslin requests that this Court grant his Motion to Dismiss Counts Eleven and Twelve of the Indictment, and, if necessary, order the government to identify Breslin's co-conspirators in a bill of particulars, and to provide such other relief that the Court may deem appropriate.

                                    Respectfully submitted,

                                    HINSHAW AND CULBERTSON LLP

                By:    */s Kenneth E. Yeadon*
                                    KENNETH E. YEADON

Dated: August 19, 2024