IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

               Plaintiff,               ORDER

v.

                                     23-cr-10-wmc

KEVIN BRESLIN and
KBWB OPERATIONS, LLC,

               Defendants.

---

The court previously granted in part defendants' motion to exclude DHHS Statements of Deficiencies ("SODs") for the truth of the matter asserted and denied the motion in part as to their admission to show state of mind. (Dkt. #117.) The court also granted in part and denied in part defendants' motion to exclude nursing experts Suzanne Bessette and Suzanne Frederick, allowing the government to submit supplemental briefing and amended expert reports by November 1, 2024, with defendants having 14 days to respond. (*Id.*)

The government has submitted supplemental briefing arguing that the SODs do not violate defendants' Sixth Amendment Confrontation Clause rights and are admissible under Fed. R. Evid. 803(4), (6), and (8). (Dkt. #122, at 11-13.) At this point, however, the government has still not provided the court with any authority holding those records (or others like them) are admissible under those subsections of Rule 803, such that the court would reconsider its ruling that they may not be offered for the truth of the matter asserted. The closest the government has provided is a Seventh Circuit case holding that a district court did not abuse its discretion in allowing defendants to admit a state audit

report finding that a city division violated state law as a public record under Rule 803(8). *United States v. De La Cruz*, 469 F.3d 1064, 1067-69 (7th Cir. 2006). However, *De La Cruz* appears to be distinguishable because it addresses *defendants'* attempt to admit evidence from an investigation. *See* Fed. R. Evid. 803(8)(A)(iii) (allowing "a*gainst the government in a criminal case*, factual findings from a legally authorized investigation" (emphasis added)). Thus, the court will not reconsider its exclusion of the SODs for the truth of the matter asserted. Even so, the government may have until December 2, 2024, to provide any *on-point* case to the contrary.

However, the court will hold an evidentiary hearing via Zoom **at 11am on November 27, 2024**, to discuss: (1) defendant Breslin's motion to exclude only recently produced SODs (dkt. #118); and (2) Bessette's and Frederick's amended expert reports. (Dkts. ##125-127.) At this hearing, and all future proceedings, the court expects counsel from the local U.S. Attorney's Office to be on the call or at the government's counsel table.

Entered this 25th day of November, 2024.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge