IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA

v.   Case No.: 23-CR-10-WMC

KEVIN BRESLIN,

Defendant.

## PLEA AGREEMENT

1.  This is the proposed plea agreement between the defendant Kevin Breslin and the United States in the above-captioned case.

2.  **PLEA AND PENALTIES:** Defendant Kevin Breslin agrees to plead guilty to Count One and Count Eleven of the Indictment. Count One charges Health Care Fraud and aiding and abetting, in violation of 18 U.S.C. §§ 1347 and 2, which carries a statutory maximum term of imprisonment of 10 years, followed by a term of supervised release of not more than three years, a $100 special assessment, and the Court may impose a fine of up to $250,000 or twice the gross loss or gain as a result of the defendant's offense, whichever is greater, and may order forfeiture and restitution. Count Eleven charges Conspiracy to Commit an Offense Against the United States, in violation of 18 U.S.C. § 371, which carries a statutory maximum term of imprisonment of up to five years, followed by a term of supervised release of not more than three years, a $100 special assessment, and the Court may impose a fine of up to $250,000 or twice the gross loss or gain as a result of the defendant's offense, whichever is greater, and may order forfeiture and restitution. In addition to these maximum penalties, any violation of a supervised release term could lead to an additional imprisonment term pursuant to 18 U.S.C. § 3583. The defendant agrees to pay the special assessment at or before sentencing and understands that the Court will enter an order requiring the immediate special assessment payment under 18 U.S.C. § 3013. In an appropriate case, the defendant could be held in contempt of court and receive an additional sentence for failing to pay the special assessment.

3.  **RIGHTS WAIVED BY PLEADING GUILTY:** The defendant acknowledges by pleading guilty, that he is giving up these rights: (a) to plead not guilty and to persist in that plea; (b) to a jury trial; (c) to be represented by counsel – and if necessary to have the Court appoint counsel – at trial and at every other stage of the trial

proceedings; (d) to confront and cross-examine adverse witnesses; (e) to be protected from compelled self-incrimination; (f) to testify and present evidence; and (g) to compel the attendance of witnesses.

4.  **IMMIGRATION CONSEQUENCES:** The defendant understands that upon conviction, if he is not a United States citizen, he may be removed from the United States, denied citizenship, and denied future admission to the United States. The defendant nevertheless affirms that he wants to plead guilty regardless of any removal and immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

5.  **APPELLATE RIGHTS WAIVER:** The defendant acknowledges, after consultation with his attorney, that he fully understands the extent of his rights to appeal the conviction and sentence in this case. By his signature below, the defendant knowingly and voluntarily waives all rights, including those conferred by 18 U.S.C. § 3742, to appeal his conviction including any issues with respect to the calculation of the advisory sentencing guideline range or the reasonableness of the sentence imposed.

6.  **FACTUAL BASIS:** The defendant agrees that the following facts are true, correct, and that, if this case were to proceed to trial, the government would be able to prove these facts beyond a reasonable doubt. The defendant acknowledges, understands, and agrees that he is, in fact, guilty of the offense described herein.

With respect to Count One of the Indictment, from on or about January 1, 2015 to in or about September 2018, defendant Kevin Breslin knowingly and willfully executed, and attempted to execute a scheme to defraud, and to obtain by means of false and fraudulent material pretenses, representations, and promises, money under the custody and control of a health care benefit program, in connection with the delivery of or payment for health care benefits, items, or services.

At all times relevant, defendant was the Chief Executive Officer and managing member of co-defendant KBWB Operations, LLC, which did business as Atrium Health and Senior Living ("KBWB-Atrium"). He was responsible for overseeing all of KBWB-Atrium's operations. KBWB-Atrium's corporate headquarters was in New Jersey and its Midwest corporate office was in Appleton, Wisconsin. Defendant Breslin was one of six owners of KBWB-Atrium. KBWB-Atrium owned and operated 23 skilled nursing facilities ("SNFs") in Wisconsin.

The primary source of income for the KBWB-Atrium Wisconsin SNFs was federal Medicare and Medicaid funds from the Centers for Medicare and Medicaid Services ("CMS"). As a Medicare and Medicaid provider, defendant Breslin and co-defendant KBWB-Atrium (collectively "the defendants") certified in their provider agreements with CMS that they would abide by all applicable federal regulations and law, and applicable state requirements.

As part of the scheme to defraud, defendant Breslin directed and authorized that CMS funds intended for the operation, management, maintenance, and care of the residents of the Atrium Wisconsin SNFs be diverted for other purposes. Breslin prioritized an order of payment for the diversion of those funds. Breslin required that Atrium's owners be paid regardless of KBWB-Atrium's financial situation and cash flow issues. KBWB-Atrium's owners received distributions and guaranteed payments.

Breslin also authorized the diversion of CMS funds to pay the personal expenses for some of Atrium's owners. For example, Breslin authorized for one co-owner that KBWB-Atrium pay the monthly payments for that co-owner's IRS tax debt, an Apple Chase loan, and a mortgage debt, all of which totaled approximately $6.2 million.

As part of the fraud scheme, defendant Breslin also authorized money to be taken from the Atrium Wisconsin resident trust accounts. He also authorized the non-payment of employees' withheld federal and state taxes to the IRS along with the employer taxes.

Defendant Breslin required and received daily and weekly information about the KBWB-Atrium's Midwest operations for its Wisconsin SNFs. Daily and weekly spreadsheets sent to defendant Breslin showed various financial information including accounts receivable, accounts payable, and vendor non-payment issues including bounced checks.

Defendant Breslin's scheme to defraud CMS and divert funds from the KBWB-Atrium Wisconsin SNFs resulted in the federally required standards of care governing SNFs not being met, including not operating the KBWB-Atrium Wisconsin SNFs in a manner that would enhance residents' quality of life by providing them with services and activities to attain and maintain the highest practicable physical, mental, and psychosocial well-being of residents.

Defendant Breslin falsely and fraudulently certified that the defendants had met all federal regulations and laws governing the Atrium Wisconsin SNFs. Defendant Breslin knowingly and willfully continued to recertify compliance with all federal regulations and laws to continue receiving CMS funds, intending to use those funds for other purposes and personal expenditures and not for their intended purpose. Defendant Breslin also failed to inform CMS that the defendants had not paid all required taxes which was a requirement to receive CMS funds.

With respect to Count Eleven of the Indictment, from on or about October 1, 2016 to in or about August 2018, defendant Breslin authorized that withheld income taxes and employment taxes from KBWB-Atrium Wisconsin employees' paychecks not be paid over to the IRS. The defendants filed Forms 941 with the IRS indicating the tax amounts withheld from their employees' wages but failed to pay the withheld taxes when they filed the 941 returns. The defendants also issued W-2 forms to the IRS and KBWB-Atrium employees that showed the total amount of taxes that had been withheld however those

withheld taxes were not paid to the IRS. This caused employees to prepare tax returns listing those withholdings as having been paid to the IRS, which was false. The defendants also did not pay the employer's share of taxes to the IRS. Defendant Breslin knowingly conspired with two known co-conspirators to defraud the IRS by failing to pay over withheld taxes and the employer taxes to the IRS.

This information is provided to establish a factual basis for the defendant's guilty plea. It is not a full recitation of the defendant's knowledge of, or participation in, this offense.

7. **SCOPE OF RESOLUTION:** The United States agrees that this guilty plea will completely resolve all possible federal criminal violations that have occurred in the Western District of Wisconsin provided that two conditions are met: (a) the criminal conduct relates to the conduct described in the indictment; and (b) the criminal conduct was known to the United States as of the date of this plea agreement. This agreement not to prosecute is limited to those types of cases for which the United States Attorney's Office for the Western District of Wisconsin and the Department of Justice Consumer Protection Branch have exclusive decision-making authority. The defendant also understands that the United States will make its full discovery file available to the Probation Office for its use in preparing the presentence report.

8. The defendant and the United States agree that he will make all IRS restitution payments through the Clerk of Court for the Western District of Wisconsin. The parties further agree the Court-ordered restitution to the IRS will be paid before amounts owed or assessed in connection with any IRS civil collection efforts relating to the tax quarters. The United States further agrees that if the defendant inadvertently pays funds to the IRS relating to these tax quarters before the Court-ordered IRS restitution is satisfied, that amount will be credited toward the defendant's Court-ordered IRS restitution.

9. **DISMISSING REMAINING CHARGES:** The United States agrees to move to dismiss the remaining counts two through ten and count twelve of the indictment at sentencing.

10. **ACCEPTANCE OF RESPONSIBILITY:** The United States agrees to recommend that the Court, in computing the advisory Sentencing Guideline range, and in sentencing the defendant, gives the defendant the maximum available reduction for acceptance of responsibility. This recommendation is based upon facts currently known to the United States and is contingent upon the defendant accepting responsibility according to the factors set forth in USSG § 3E1.1. Further, the United States' agreement to recommend a reduction for acceptance of responsibility is also based on the defendant providing a full and truthful accounting in the required financial statement and, if applicable, the defendant's efforts to make immediate restitution payments. The United States is free to withdraw this recommendation if the defendant has previously engaged

in any conduct that is unknown to the United States and is inconsistent with acceptance of responsibility, or if he engages in any conduct between the date of this plea agreement and the sentencing hearing, which is inconsistent with acceptance of responsibility. This recommendation is consistent with the defendant signing this plea agreement on or before 5 pm EST on December 6, 2024.

11.     **RESTITUTION:** The defendant agrees to pay restitution for all losses relating to the offenses of conviction and all losses covered by the same course of conduct or common scheme or plan as the offense of conviction. The parties will agree upon the exact restitution figure for Counts One and Eleven before sentencing, or, if the parties cannot agree upon a specific figure, the Court will determine restitution at sentencing or a restitution hearing. The defendant further agrees that the full amount of restitution is due and payable immediately. Defendant acknowledges that immediate payment means payment in good faith from the liquidation of all non-exempt assets beginning immediately.

12.     **FINANCIAL STATEMENT:** The defendant agrees to complete the attached financial statement and return it to this office within one week of the guilty plea hearing. The defendant agrees that this financial statement will be a full and truthful accounting, including all available supporting documentation. The defendant authorizes the Department of Justice to run the defendant's credit report. The defendant also agrees that the probation office may disclose to the United States all financial statements to be completed by the defendant in connection with the preparation of the presentence report, together with all supporting documents.

13.     **FORFEITURE:** The defendant agrees not to file a claim to any property in any civil, administrative or judicial proceeding, which has already been initiated or which may be initiated in the future including the forfeiture of assets which were seized by or may be seized as part of this case. The defendant agrees to waive all time limits and his right to notice of any forfeiture proceeding involving this property. The defendant further agrees not to file a claim or assist others in filing a claim or attempting to establish an interest in any forfeiture proceeding. The assets to be forfeited specifically include a money judgment in an amount to be determined at sentencing representing proceeds obtained from the commission of the conduct or common scheme or plan.

14.     **SENTENCING DISCUSSIONS:** Other than agreements specifically set forth in this plea agreement, the defendant understands that sentencing discussions and prior plea offers are not part of the plea agreement. The defendant should not rely upon the possibility of a particular sentence based upon any sentencing discussions between defense counsel and the United States, and prior plea offers, other than those memorialized in this plea agreement.

15.     **SENTENCING RECOMMENDATIONS:** The defendant acknowledges his understanding the United States has made no promises or guarantees regarding the

sentence that will be imposed. The defendant acknowledges his understanding that other than a recommendation for a sentence within the guidelines range, the United States has made no promises or guarantees regarding the sentence that will be imposed. The defendant also acknowledges his understanding that the Court may not accept the recommendations, which may be made by the United States, and that the Court can impose any sentence up to and including the maximum penalties set out above. Although not binding on the probation office or the Court, the government and the defendant further agree that, except as otherwise expressly contemplated in this Plea Agreement, the government will recommend that the Court neither depart upward nor depart downward under the Sentencing Guidelines when determining the advisory sentencing guideline range in this case.  The defendant reserves the right to seek a sentence below the Guidelines Range based upon factors to be considered in imposing a sentence pursuant to 18 U.S.C. § 3553(a). The defendant understands and acknowledges that he may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by the defendant and the government.

16. **VOLUNTARINESS OF PLEA:** The defendant acknowledges that no threats, promises, representations, or agreements exist, other than those set forth in this agreement, to cause the defendant to plead guilty. The defendant acknowledges that he has read this agreement, has carefully reviewed it with his attorney and understands and voluntarily accepts all its terms.

17. **THIS IS THE ONLY PLEA AGREEMENT:** By our signatures below, the defendant and defense counsel acknowledge that this is the only plea agreement in this case.

TIMOTHY M. O'SHEA
United States Attorney

AMANDA LISKAMM
DIRECTOR
CONSUMER PROTECTION BRANCH

12/06/2024
Date

By: /s/ Karla-Dee Clark
KARLA-DEE CLARK, STEVEN SCOTT, AND ROWAN REID
Trial Attorneys
Consumer Protection Branch

6

| | |
|---|---|
| 12-6-2024 | *Kenneth E. Yeadon* (signature) |
| Date | KENNETH YEADON, ESQ. |
| | Attorney for the Defendant |
| | |
| _____ | _____ |
| Date | KEVIN BRESLIN |
| | Defendant |

7

| Date | KENNETH YEADON, ESQ. |
|------|----------------------|
|      | Attorney for the Defendant |

12/6/2024
Date

*[signature]*

KEVIN BRESLIN
Defendant

## ACKNOWLEDGEMENTS

I, KEVIN BRESLIN, am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed the entire agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney, including the charges against me, the elements of those charges, and possible defenses. I am satisfied that my attorney has provided effective assistance of counsel.

12/6/2024
Date

_[signature]_
KEVIN BRESLIN
Defendant

I am the defendant's attorney. I have reviewed this agreement carefully with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Date

KENNETH YEADON, ESQ.
Attorney for Defendant

## ACKNOWLEDGEMENTS

I, KEVIN BRESLIN, am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed the entire agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney, including the charges against me, the elements of those charges, and possible defenses. I am satisfied that my attorney has provided effective assistance of counsel.

_____      _____
Date                         KEVIN BRESLIN
                             Defendant

I am the defendant's attorney. I have reviewed this agreement carefully with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

12-6-2024                    _[signature]_
_____      _____
Date                         KENNETH YEADON, ESQ.
                             Attorney for Defendant

8