|  |  |  |
|---|---|---|
| AO 245B (Rev. 06/25)(W.WI. Rev.) | DEFENDANT: KEVIN BRESLIN<br>CASE NUMBER: 0758 3:23CR00010-001 | Judgment - Page 1 |

# United States District Court
## Western District of Wisconsin

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| | (for offenses committed on or after November 1, 1987) |
| V. | **Case Number:** 0758 3:23CR00010-001 |
| Kevin Breslin | **Defendant's Attorney:** Kenneth Edward Yeadon |

Defendant, Kevin Breslin, pleaded guilty to Counts 1 and 11 of the indictment.

Counts 2 through 10 and 12 of the indictment are dismissed on the motion of the United States.

Defendant has been advised of their right to appeal.

**ACCORDINGLY**, defendant is adjudicated guilty of the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 1347 and 2 | Healthcare Fraud, a Class C felony | September 2018 | 1 |
| 18 U.S.C. § 371 | Conspiracy to Defraud the United States, a Class D felony | August 2018 | 11 |

Defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS FURTHER ORDERED** that defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, defendant shall notify the Court and United States Attorney of any material change in defendant's economic circumstances.

| | | |
|---|---|---|
| **Defendant's Date of Birth:** | ▓▓▓▓ 1966 | November 17, 2025 |
| | | Date of Imposition of Judgment |
| **Defendant's USM No.:** | 65836-510 | |
| **Defendant's Residence Address:** | ▓▓▓▓▓▓▓▓<br>Hoboken, New Jersey 07030 | */s/ William Conley* |
| **Defendant's Mailing Address:** | Same as above. | William M. Conley<br>District Judge |
| | | November 20, 2025 |
| | | Date Signed |

| | | |
|---|---|---|
| AO 245B (Rev. 06/25)(W.WI. Rev.) | DEFENDANT: KEVIN BRESLIN<br>CASE NUMBER: 0758 3:23CR00010-001 | Judgment - Page 2 |

# IMPRISONMENT

As to Counts 1 and 11 of the indictment, it is adjudged that defendant is committed to the custody of the Bureau of Prisons for a term of 90 months on Count 1 and 60 months on Count 11, to run concurrently with each other.

I recommend that defendant receive:

    a mental health evaluation and any recommended treatment in an appropriate facility given his age,
    medical needs, and potential vulnerability as a first-time officer.

I further recommend that defendant be designated to FCI Fort Dix in New Jersey so long as it is consistent with defendant's programming and security needs.

Defendant is neither a flight risk nor a danger to the community. Accordingly, execution of the sentence of imprisonment is stayed until February 3, 2026, between the hours of noon and 2:00 p.m., when defendant is to report to an institution to be designated by further court order. The present release conditions are continued until that time.

## RETURN

**I have executed this judgment as follows:**

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
United States Marshal

By _____
Deputy Marshal

| | | |
|---|---|---|
| AO 245B (Rev. 06/25)(W.WI. Rev.) | DEFENDANT: KEVIN BRESLIN<br>CASE NUMBER: 0758 3:23CR00010-001 | Judgment - Page 3 |

# SUPERVISED RELEASE

Defendant's term of imprisonment is to be followed by a 3-year term of supervised release per count, also to run concurrently with each other. In light of the nature of the offense and defendant's personal history, in addition to the statutory mandatory conditions of supervision, I adopt condition numbers **1 through 18** as proposed and justified in the presentence report.

The requirement for mandatory drug testing set forth at 18 U.S.C. § 3583(d) is waived.

If, when defendant is released from confinement to begin their term of supervised release, either defendant or the supervising probation officer believes that any of the conditions imposed today are no longer appropriate, either one may petition the Court for review.

Defendant is to abide by the statutory mandatory conditions.

### Statutory Mandatory Conditions

Defendant shall not commit another federal, state, or local crime. [Note: Any defendant that has been convicted of a felony offense, or is a prohibited person, shall not possess a firearm, ammunition, or destructive device pursuant to 18 U.S.C. §§ 921 and 922.]

Defendant shall not illegally possess a controlled substance. Defendant is subject to drug testing according to 18 U.S.C. § 3583(d), unless waived by the Court.

Defendant shall cooperate with the collection of DNA by the U.S. Justice Department and/or the U.S. Probation and Pretrial Services Office as required by Public Law 108-405.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Financial Penalties sheet of this judgment.

Defendant shall comply with the standard and special conditions that have been adopted by this Court.

### Standard Conditions of Supervision

1) Defendant shall not knowingly leave the judicial district in which defendant is being supervised without the permission of the Court or probation officer;

2) Defendant is to report to the probation office as directed by the Court or probation officer and shall submit a complete written report within the first five days of each month, answer inquiries by the probation officer, and follow the officer's instructions. The monthly report and the answer to inquiries shall be truthful in all respects unless a fully truthful statement would tend to incriminate defendant, in violation of defendant's constitutional rights, in which case defendant has the right to remain silent;

3) Defendant shall maintain lawful employment, seek lawful employment, or enroll and participate in a course of study or vocational training that will equip defendant for suitable employment, unless excused by the probation officer or the Court;

4) Defendant shall notify the probation officer within seventy-two hours of any change in residence, employer, or any change in job classification;

5) Defendant shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician. Defendant shall not use any product containing cannabidiol (CBD) or tetrahydrocannabinol (THC), except as prescribed by a physician;

6) Defendant shall not visit places where defendant knows or has reason to believe controlled substances are illegally sold, used, distributed, or administered;

| AO 245B (Rev. 06/25)(W.WI. Rev.) | DEFENDANT: KEVIN BRESLIN<br>CASE NUMBER: 0758 3:23CR00010-001 | Judgment - Page 4 |
|---|---|---|

7) Defendant shall not meet, communicate, or spend time with any persons defendant knows to be engaged in criminal activity or planning to engage in criminal activity;

8) Defendant shall permit a probation officer to visit defendant at home, work, or at some other mutually convenient location designated by the probation officer at any reasonable time and shall permit confiscation of any contraband observed in plain view by the probation officer;

9) Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

10) Defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court;

11) Defendant shall report to the probation office in the district to which defendant is released within 72 hours of release from the custody of the Bureau of Prisons, unless instructed by a U.S. Probation Officer to report within a different time frame; and

12) Defendant shall not possess a firearm, ammunition, destructive device, or dangerous weapon.

**Special Conditions of Release**

13) Provide the supervising U.S. Probation Officer any and all requested financial information, including copies of state and federal tax returns.

14) Refrain from incurring new credit charges, opening additional lines of credit or opening other financial accounts without the prior approval of the supervising U.S. Probation Officer.

15) Not transfer, give away, sell or otherwise convey any asset worth more than $200 without the prior approval of the supervising U.S. Probation Officer.

16) Refrain from seeking or maintaining any employment that includes unsupervised financial or fiduciary-related duties, without the prior approval of the supervising U.S. Probation Officer.

17) Submit person, property, residence, papers, vehicle, or office to a search conducted by a U.S. Probation Officer at a reasonable time and manner, whenever the probation officer has reasonable suspicion of contraband or of the violation of a condition of release relating to substance abuse or illegal activities; failure to submit to a search may be a ground for revocation; defendant shall warn any other residents that the premises defendant is occupying may be subject to searches pursuant to this condition.

18) Cooperate with the Collection Division of the IRS in the payment of all taxes, interest and penalties due and owing and allow unrestricted communication between the Collection Division and the probation office to monitor compliance.

ACKNOWLEDGMENT OF CONDITIONS

I have read or have had read to me the conditions of supervision set forth in this judgment, and I fully understand them. I have been provided a copy of them. I understand that upon finding a violation of probation or supervised release, the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

_____    _____
Defendant                            Date

_____    _____
U.S. Probation Officer               Date

Case: 3:23-cr-00010-wmc     Document #: 352     Filed: 11/20/25     Page 5 of 6

| | DEFENDANT: | KEVIN BRESLIN | |
|---|---|---|---|
| AO 245B (Rev. 06/25)(W.WI. Rev.) | CASE NUMBER: | 0758 3:23CR00010-001 | Judgment - Page 5 |

## CRIMINAL MONETARY PENALTIES

Defendant must pay the total criminal monetary penalties in accordance with the Schedule of Payments set forth below.

| Count(s) | Assessment | Restitution | Fine |
|---|---|---|---|
| 1 | $ 100.00 | $ 130,834,006.27 | $ 0.00 |
| 11 | $ 100.00 | $ 15,359,879.69 | $ 0.00 |
| TOTALS | $ 200.00 | $ 146,193,885.96 | $ 0.00 |

It is further adjudged that defendant is to pay a $200 criminal assessment penalty to the Clerk of Court for the Western District of Wisconsin immediately following sentencing. Defendant is encouraged to honor his agreement to pay this obligation by the day of sentencing. Failure to pay the assessment may result in preclusion from certain programming while confined in the federal prison system.

Defendant does not have the means to pay a fine under USSG §5E1.2(c) without impairing defendant's ability to support himself and their family upon release from custody, so I will impose no fine.

As agreed upon by the parties, a money judgment in the amount of $8,462,572.00 for forfeiture is ordered.

## RESTITUTION

Defendant is also to pay mandatory restitution in the total amount of $146,193,885.96 to the U.S. Clerk of Court for the Western District of Wisconsin. Of the total amount, restitution in the amount of $54,134,763.27 is to be dispersed to individual employees, residents, and vendors, including the Wisconsin Department of Workforce Development, to be dispersed as indicated in the government's amended restitution claims summary spreadsheet found at *Dkt. No. 343*. Restitution in a total amount of $76,699,243.00 shall be paid to the Center for Medicare and Medicaid Services for distribution as follows: Medicare - $26,206,966.69; and Medicaid - $50,492,276.31. Restitution in the amount of $15,359,879.69 shall be paid to the Internal Revenue Service.

The government is to provide the names and addresses of the individual victims to the Clerk of Court.

Defendant will not have the economic resources to make full payment of restitution in the foreseeable future under any reasonable schedule of payments. Pursuant to 18 U.S.C. § 3664(f)(3)(B), he is to begin making nominal payments of a minimum of $500 each month, beginning within 30 days of defendant's release from custody. No interest is to accrue on the unpaid portion of restitution. Defendant shall notify the court and the United States Attorney General of any material change in his economic circumstances that might affect defendant's ability to pay.

The restitution amount is joint and several to that of his co-defendant, KBWB Operations, and any others found culpable criminally or civilly, including KBWB's co-owners.

| | | |
|---|---|---|
| AO 245B (Rev. 06/25)(W.WI. Rev.) | DEFENDANT: KEVIN BRESLIN<br>CASE NUMBER: 0758 3:23CR00010-001 | Judgment - Page 6 |

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order:

        (1) assessment;
        (2) restitution principal;
        (3) restitution interest;
        (4) AVAA assessment;
        (5) fine principal;
        (6) fine interest;
        (7) community restitution;
        (8) JVTA assessment;
        (9) penalties;
        (10) costs, including costs of prosecution and court costs.

The total fine and other monetary penalties shall be due in full immediately unless otherwise stated elsewhere.

If the judgment imposes a period of imprisonment, all inmates owing financial obligations as part of their sentences are encouraged to develop financial repayment plans during their periods of incarceration. 28 CFR Sections 545.10 and 545.11. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of Court, unless otherwise directed by the Court, the supervising U.S. Probation Officer, or the United States Attorney.

Defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

In the event of a civil settlement between victim and defendant, defendant must provide evidence of such payments or settlement to the Court, U.S. Probation Office, and U.S. Attorney's Office so that defendant's account can be credited.